# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATHAN CAMPBELL, | )<br>) |
| Plaintiff, | )  2:15-cv-01893-RFB-CWH<br>) |
| vs. | )  **ORDER**<br>) |
| DISTRICT ATTORNEY OF CLARK COUNTY, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Presently before the court is Plaintiff Nathan Campbell Sr.'s Application to Proceed *In Forma Pauperis* (ECF No. 5), filed on November 16, 2015.

Also before the court is Plaintiff's Motion for Writ of Mandamus[1] (ECF No. 8), filed on March 8, 2016.

Also before the court is Plaintiff's Motion for Judicial Review[2] (ECF No. 10), filed on September 8, 2016.

**I.    BACKGROUND**

Plaintiff initiated this case by sending a letter to the Clerk of Court stating that he was proceeding pro se and by filing a motion requesting mandamus relief related to "stand your ground law" and other issues.  (Initiating Docs. (ECF No. 1); Mot. (ECF No. 2).)  In his motion for mandamus relief, Plaintiff also stated that he was "in custody being intimidated and was beaten [at]

---

[1] The document is titled "Corum Mandamus Interviene [sic] @ Relief," but was filed as a motion for writ of mandamus in the court's electronic filing system.

[2] The document is titled "Ceritiari [sic]-Tort Judicial Review," but was filed as a motion for judicial review in the court's electronic filing system.

1 intake by a sgt. staff . . . ." (Mot. (ECF No. 2) at 2.) The court therefore understood Plaintiff to
2 possibly be seeking to file a civil rights complaint in addition to requesting mandamus relief related
3 to various issues. (Order (ECF No. 3) at 1.) Based on the return address and prisoner identification
4 number provided on the envelope in which Plaintiff's motion was mailed, it appeared to the court
5 that Plaintiff was incarcerated at the Clark County Detention Center. (*Id.*) Given that Plaintiff did
6 not submit a complaint, a filing fee, or an application to proceed *in forma pauperis*, the court denied
7 Plaintiff's motion and ordered him to file a complaint and an application to proceed *in forma*
8 *pauperis*. (*Id.* at 2.) Additionally, the court advised Plaintiff that Rule 81(b) of the Federal Rules of
9 Civil Procedure abolished writs of mandamus in federal district court and that "[r]elief previously
10 available through them may be obtained by appropriate action or motion" under the Federal Rules of
11 Civil Procedure. (*Id.*) The court therefore stated that if Plaintiff decided to move forward with his
12 case, he must not file motions styled as motions for mandamus relief. (*Id.*)

13 Plaintiff now requests to proceed *in forma pauperis* and has filed a civil rights complaint
14 under 42 U.S.C. § 1983 alleging claims for physical assault, verbal discrimination, and denial of due
15 process against the Nevada Department of Corrections and Sheriff Joe Lumbardo [sic] related to
16 events that occurred at the Clark County Detention Center. (Appl. to Proceed IFP (ECF No. 5);
17 Compl. (ECF No. 5-1).) Plaintiff also filed two motions, one seeking mandamus relief to prevent
18 forced medication and reiterating some of Plaintiff's previous requests regarding "stand your
19 ground" law, and another seeking judicial review regarding prosecutorial misconduct. (ECF Nos. 8,
20 10.) Plaintiff also filed a notice of change of address (ECF No. 9) to what appears to be a residential
21 address, thus, it is unclear whether Plaintiff remains incarcerated or has been released.

22 **II.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

23 Under 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in
24 district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court
25 Miscellaneous Fee Schedule, effective June 1, 2016, a $50.00 administrative fee applies for filing a
26 civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the

court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.  The procedure for seeking *in forma pauperis* status in this district is governed by Local Special Rule ("LSR") 1-1, which provides that:

> Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed in forma pauperis.  The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities.

Additionally, under LRS 1-2, an inmate must:

> simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application.  If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

Here, Plaintiff submitted the application and affidavit required to show he is unable to prepay fees and costs or give security for them.  There are several deficiencies in his application, however, that require the court to deny the application.  The acknowledgment page of the application is not dated and the portion that requires Plaintiff to declare under the penalty of perjury that the application is true and correct is not dated and does not state the location where it was signed. (Appl. to Proceed IFP (ECF No. 5) at 3.)  Although Plaintiff includes the required financial certificate and a copy of his inmate balance history report, the financial certificate was not completed or signed by an authorized officer of institution in contravention of LSR 1-2.  (*See id.* at 4-5.)

Even if the application did not have these deficiencies, based on Plaintiff's substantive responses to the financial questions, the court is unable to evaluate whether Plaintiff is unable to pay the costs of commencing this case.  In response to question one regarding his salary or wages per month, Plaintiff states "$1,000$^{00}$ $2500 @ Showcase, Required net @ $100,000 yr. Self-employment reestablished, 4-4-2012-2015 (ASCAP)." (*Id.* at 1.)  In response to question two regarding other forms of income, he checks the "yes" boxes indicating that he has received money

from a business, profession or other form of self-employment, from gifts or inheritances, and from other sources. (*Id.* at 1-2.) But in the following section where he is required to elaborate on these "yes" responses, he states "[e]ach category received not payed by private sectors. CEO Sylvester Turner. Bonded LV, NV Liscense [sic] LLC." (*Id.* at 2.) He further states that he has placed property, assets, and money in another person's name. (*Id.*) He states that he does not have money in bank accounts or own real estate or other valuable property. (*Id.*) While he states that he is subject to court orders for child support, he does not state the amount of his child-support obligations. (*Id.*) Although he denies receiving income from disability, Social Security, or a pension, he qualifies his "no" answer with the word "pending." (*Id.*)

Based on Plaintiff's responses, it appears to the court that Plaintiff earns anywhere from $1,000 to $2,500 per month, and as much as $100,000 per year. It also appears that he has received other money from an unknown business, profession, or self-employment, that he has received unspecified gifts and inheritances, that he has received money from other unspecified sources, and that he has transferred money to an individual named Sylvester Turner. Additionally, Plaintiff indicated that he had "pending" income from disability, Social Security, or a pension. It therefore appears to the court that Plaintiff may have assets available for paying the filing fee in this case. Although he does not have money in bank accounts, does not own real estate or other valuable property, and has child support obligations, given that he does not specify the amount of his child support obligations, the court does not have sufficient information to evaluate his ability to pay or to determine whether his expenses exceed his income. The court therefore will deny Plaintiff's application to proceed *in forma pauperis* without prejudice for Plaintiff to re-file the application with more detailed responses addressing the issues discussed in this order. Alternatively, Plaintiff may pay the $400.00 filing fee.

Having concluded that Plaintiff may not proceed *in forma pauperis* at this time, the court will not screen the complaint under 28 U.S.C. § 1915(e)(1)(2) or § 1915A. Additionally, the court will deny all of Plaintiff's pending motions without prejudice for Plaintiff to re-file the motions if he is

4

granted *in forma pauperis* status or pays the $400.00 filing fee.

Finally, the court notes that plaintiff filed a brief titled "Tort Brief Deposition Corum Nobis Mandamus Intervene & apply state & Federal law" (ECF No. 4), filed a brief titled "Ceritiari [sic]Tort Brief Judicial Review" (ECF No. 11), and has sent several letters to the Clerk of Court, which appear to be seeking action by the court. Plaintiff is advised that these types of filings do not comply with Local Rule IA 7-1(b), which provides as follows:

> an attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.

Based on this rule, if Plaintiff seeks relief from the court, he is advised to style any future requests for relief as motions, which will be automatically marked by in the court's electronic filing system as action items. When a request is styled as a motion, it also triggers the opposing party's response deadline and the movant's reply deadline, thereby giving all parties the opportunity to be heard before the court decides the motion. Although the court will liberally construe Plaintiff's filings given that he is not represented by an attorney, Plaintiff nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, if Plaintiff decides to pursue this case, Plaintiff is advised that the court will not take action with respect to future filings unless they are styled as motions.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Nathan Campbell's Application to Proceed *In Forma Pauperis* (ECF No. 5) is DENIED without prejudice to file a new application.

IT IS FURTHER ORDERED that Plaintiff's Motion for Writ of Mandamus (ECF No. 8) and Motion for Judicial Review (ECF No. 10) are DENIED without prejudice. If Plaintiff is granted *in forma pauperis* status or pays the $400.00 filing fee, Plaintiff may re-file the motions.

IT IS FURTHER ORDERED that the Clerk of Court must send to Plaintiff the approved

form applications to proceed *in forma pauperis* by an inmate as well as the form application for non-inmates.  The Clerk of Court also must send to Plaintiff the form titled "Information and Instructions for Filing a Motion for Leave to Proceed In Forma Pauperis."  Given that it is unclear to the court whether Plaintiff remains incarcerated, Plaintiff is instructed to use whichever form applies to his current status.

       IT IS FURTHER ORDERED that by May 1, 2017, Plaintiff must either (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments, or (2) pay the full $400 fee for filing a civil action, which includes the $350 filing fee and the $50 administrative fee.

       IT IS FURTHER ORDERED that failure to comply with this order may result in a recommendation that this case be dismissed.

DATED: March 30, 2017

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE